**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ADAM JOHN VERDEKAL, | |
| Petitioner, | NO. 3:09-CR-00068 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

### **MEMORANDUM**

Presently before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 67), and a subsequent Motion construed as a Motion pursuant to 28 U.S.C. § 2241 (Doc. 71), filed by Petitioner Adam John Verdekal ("Petitioner") proceeding *pro se*. For the reasons that follow, Petitioner's § 2255 Motion will be denied. Petitioner's § 2241 Motion will be transferred to the Western District of Pennsylvania because this Court lacks jurisdiction over the matter.

### **I. Background**

**A.   Relevant Factual and Procedural Background**

Petitioner was charged with retail theft in Columbia County, Pennsylvania on December 10, 2008. While on pretrial release for that charge, Petitioner was arrested for six bank robberies. Petitioner pled guilty in the Court of Common Pleas of Columbia County to the retail theft charge, was sentenced to a maximum of eighteen (18) months imprisonment, and was returned to federal custody. On July 17, 2009, Petitioner pled guilty to two counts of armed bank robbery and four counts of bank robbery pursuant to 18 U.S.C. § 2113(d) and (a), respectively, and was sentenced to 120 months on each count to run concurrently on November 23, 2009. Additionally, Petitioner was ordered to pay restitution in the amount of $11,979.00 in accordance with a schedule of payments specified in the Judgment. (*See* Doc. 45.) The schedule requires Petitioner to, *inter alia*, make a restitution payment during his term of imprisonment "every three months in an amount, after a telephone allowance, equal to 50 percent of the funds deposited into the [Petitioner's]

inmate trust fund account." (*Id.*) Petitioner did not appeal his sentence. (*See* Doc. 62.)

On November 24, 2010, Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255, alleging two claims of ineffective assistance of counsel. (Doc. 49.) On February 25, 2011, the Court directed Petitioner to make a "*Miller*" election, providing him an opportunity to withdraw and refile his § 2255 Motion. (Doc. 52.) Petitioner elected to have the Court review his Motion as filed. (Doc. 53.) On April 28, 2011, two weeks after Petitioner informed the Court of his election, Petitioner moved to amend his pending § 2255 Motion. (Doc. 54.) The Court granted Petitioner leave to amend his Motion, and construed both his original Motion and Motion to Amend as a singular § 2255 Motion. (*See* Doc. 62.) The Government filed its Brief in Opposition (Doc. 63) on January 12, 2012. On January 31, 2012, Petitioner filed a motion requesting the Court to dismiss without prejudice his § 2255 Motion. (Doc. 64.) The Court granted Petitioner's Motion and dismissed without prejudice his § 2255 Motion on February 27, 2012. (Doc. 65.)

Petitioner filed a letter with this Court on August 12, 2016, inquiring into whether the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), offered him post-conviction relief. (Doc. 67.) The Court construed the letter as a § 2255 Motion, and appointed the Office of the Federal Public Defender for the Middle District of Pennsylvania to represent Petitioner pursuant to Standing Order 15-6. (Doc. 68.) On September 9, 2016, the Federal Public Defender filed a motion to withdraw as counsel in proceedings related to *Johnson*. (Doc. 69.) The Federal Public Defender concluded that Petitioner was not an armed career criminal under the Armed Career Criminal Act, was not sentenced as a career offender under the United States Sentencing Guidelines, and was not convicted of 18 U.S.C. § 924(c). The Court granted counsel's motion on September 13, 2016, and stated that it would rule on Petitioner's Motion in due course. (Doc. 70.) With his § 2255 Motion pending, Petitioner filed a second Motion entitled "Motion to Defer Schedule of Payments or Motion to Compel Bureau of Prisons" on November 1, 2016. This Motion requests that the Court order Petitioner's restitution payment schedule to be deferred until Petitioner is released, compel the Federal Bureau of Prisons ("BOP") to "only seize the

proper amount" of funds every three months, and order the BOP to "not abuse community resources." (Doc. 71.)

On December 8, 2016, the Court entered an Order construing Petitioner's second-filed Motion as a motion pursuant to 28 U.S.C. § 2241, and ordered the Government to file a response to only that Motion within twenty-eight days of the Order. (Doc. 72.) On December 12, 2016, the Court again directed petitioner to make a "*Miller*" election with respect to his current § 2255 Motion raising a claim under *Johnson*. (Doc. 73.) Petitioner elected to proceed on his § 2255 Motion. (Doc. 74.) The Government failed to timely respond to the Court's December 8, 2016 Order, and the Court entered an Order to Show Cause why the Court should not grant any appropriate relief Petitioner requests. (Doc. 75.) On January 30, 2016, the Government timely filed a Response to the Court's Order. (Doc. 76.)

**B.     The *Johnson* Decision**

The Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, and an increased sentence imposed under that clause therefore violated the guarantee of due process. 135 S. Ct. at 2563. The Court subsequently held that the *Johnson* decision announced a substantive rule that applied retroactively on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016). In light of this decision, courts have been confronting whether provisions using similar or identical language as the ACCA's residual clause must also be struck down as unconstitutionally vague. The Third Circuit recently invalidated § 4B1.2(a)(2) of the United States Sentencing Guidelines and 18 U.S.C. § 16(b) under the reasoning set forth in *Johnson*. *See United States v. Calabretta*, 831 F.3d 128, 133-34 (3d Cir. 2016); *Baptiste v. Att'y Gen.*, 841 F.3d 601, 621 (3d Cir. 2016).

The residual clause in the ACCA defined a "violent felony" as a crime punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Two

features of the residual clause "'conspire[d] to make it unconstitutionally vague'–the ordinary case inquiry and the serious potential risk inquiry." *Baptiste*, 841 F.3d at 616 (quoting *Johnson*, 135 S. Ct. at 2557-58). The ordinary case inquiry failed to provide courts with a "reliable way to choose between . . . competing accounts of what [an] 'ordinary' [case] involves." *Johnson*, 135 S. Ct. at 2558. As such, the residual clause left "grave uncertainty about how to estimate the risk posed" by a "judicially imagined 'ordinary case' of a crime." *Id.* at 2557. Additionally, the serious potential risk inquiry left too much "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. The *Johnson* Court thus concluded that the combination of "indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony" violated the Due Process Clause. *Id.*

## II. Legal Standard

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Section 2255(b) generally entitles a petitioner to a hearing on their motion:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the

4

> judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255. *See Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the Court must decide whether the petitioner's claims, if proven, would entitle petitioner to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Gov't of the V.I. v. Weatherwax*, 20 F.3d 572, 574 (3d. Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *see also Forte*, 865 F.2d at 62.

### III. Discussion

**A. Petitioner's § 2255 Motion**

Petitioner rests his § 2255 Motion on the Supreme Court's decision in *Johnson*. As a preliminary matter, Petitioner's Motion might not be timely. Under 28 U.S.C. § 2255(f)(3), a defendant may file his first motion seeking to collaterally attack his sentence within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As explained by the Supreme Court, "[a]n applicant has one year from the date on which the right he asserts was initially recognized by this Court," not the date on which the Supreme Court holds that this newly-recognized right applies retroactively. *Dodd v. United States*, 545 U.S. 353, 357–58 (2005). The Supreme Court decided *Johnson* on June 26, 2015. Petitioner's handwritten letter-motion to the Court is dated August 8, 2016, and was received by the Court on August 12, 2016. (Doc. 67.) Under the prison mailbox rule, a *pro se* petitioner's application is deemed filed on the date he delivers it to prison officials for mailing to the court. *See Longenette v.*

*Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988)). Assuming Petitioner delivered his letter-motion to prison officials on the handwritten date indicated in the document, it was filed over one year from the date on which the Supreme Court initially recognized the new right set forth in *Johnson*. Accordingly, Petitioner's § 2255 Motion is potentially time barred.[1]

But even if Petitioner's Motion was timely filed, it fails on the merits. Petitioner was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). *Martinez-Layton v. United States*, Civ. Action No. 1:16-107, Crim. Action No. 1:14-148-1, 2016 WL 6998867, at *4 (Oct. 6, 2016). Additionally, Petitioner was not convicted under any other statute that is susceptible to a challenge under *Johnson*: Petitioner was not found to have committed a crime of violence as defined under 18 U.S.C. § 16(b), and Petitioner was not convicted of using, carrying, brandishing, and/or discharging a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c). Rather, Petitioner pled guilty to two counts of Armed Bank Robbery, in violation of 18 U.S.C. §

---

[1] The Court notes that Petitioner's letter-motion states that he spent the last fifteen months in the "SHU" and "bounced around 4 different prisons." (Doc. 67.) If true, these allegations might allow him to equitably toll the statute of limitations. *See United States v. Johnson*, 590 Fed. Appx. 176, 179 (3d Cir. 2014) (citation omitted); *see, e.g.*, *United States v. Moore*, No. CR. 97-373-4, 2001 WL 484061, at *2 (E.D. Pa. Mar. 6, 2001). However, because Petitioner's Motion fails on the merits, the Court need not determine conclusively whether the Motion was timely filed. *See United States v. Paez-Perez*, No. 12-CR-0101-001, 2016 WL 7187618, at *3 n.4 (N.D. Okla. Dec. 9, 2016) (citing *Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) ("The one year limitation period for filing a § 2255 motion is not jurisdictional, and a district court may decline to consider the issue of timeliness if it would be easier to dispose of the motion on the merits.")).

2113(d),[2] and four counts of Bank Robbery, in violation of 18 U.S.C. § 2113(a).[3] (Doc. 45.) Neither statute "contains language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson* . . . and so *Johnson* has no bearing on them." *In re Lott*, 838 F.3d 522, 522-23 (5th Cir. 2016) (mem.) (concluding *Johnson* had "no bearing" on the petitioner's conviction for bank robbery under 18 U.S.C. § 2113(a)). Additionally, Petitioner was not sentenced as a career offender under the United States Sentencing Guidelines. (*See* Presentence Report at 13, Doc. 78 (noting no Chapter Four Enhancements; T.R. 11:12-25, Doc. 47 (adopting all relevant portions of the Presentence Report).) Therefore, his *Johnson* claim fails on the merits, and his § 2255 Motion will be denied.

**B. Petitioner's § 2241 Motion**

Petitioner also filed a Motion entitled "Motion to Defer Schedule of Payments or Motion to Compel Bureau of Prisons." (Doc. 71.) The Court construed this Motion as a

---

[2]   The statutory language of § 2113(d) states:
> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

[3]   The statutory language of § 2113(a) states:
> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny–
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

7

Motion brought under 28 U.S.C. § 2241. (Doc. 72.) After failing to respond timely to the Court's original Order, the Government filed a Response (Doc. 76) to the Court's Show Cause Order (Doc. 75), in which it argued that Petitioner's Motion should be dismissed without prejudice due to lack of jurisdiction and because Petitioner failed to exhaust his administrative remedies. The Court concludes that it lacks jurisdiction over the matter and will transfer Petitioner's § 2241 Motion to the United States District Court for the Western District of Pennsylvania.

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010) (quoting *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)). The Third Circuit has concluded that an inmate's challenge to his financial obligations under the Inmate Financial Responsibility Plan ("IFRP") concerns the "execution of his sentence," and therefore § 2241 is the proper vehicle for raising such a claim. *Id.* at 936-37. A § 2241 motion is "not subject to the gatekeeping regime of § 2244(b)." *Zaya v. I.N.S.*, 311 F.3d 247, 255 (3d Cir. 2002). However, challenges pursuant to § 2241 must be "brought in the district where the sentence is being carried out." *McGee*, 627 F.3d at 937 (quoting *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002)); *see Wedington v. USA*, __ Fed. Appx. __, 2016 WL 4655735, at *1 (3d Cir. Sept. 7, 2016) (mem.) ("A § 2241 petition is properly filed in the jurisdiction in which the prisoner is confined."). Petitioner was confined at USP Atwater in California at the time he filed his Motion. The record indicates that he has since been transferred to the Federal Correctional Institution McKean in Lewis Run, McKean County, Pennsylvania, which is located in the Western District of Pennsylvania. (Knepper Decl. ¶ 3, Doc. 76-1; *see* Doc. 77.) As such, the Court does not have personal jurisdiction pursuant to 28 U.S.C. § 2241(a). *See Banks v. Hollingsworth*, Crim. Action No. 00-230, 2013 WL 2245637, at *1 (E.D. Pa. May 22, 2013).

In the interest of justice, the Court will transfer Petitioner's § 2241 Motion to the United States District Court for the Western District of Pennsylvania, as that is the proper district in which this action should have been brought. *See* 28 U.S.C. § 1631.

## IV. Conclusion

For the above stated reasons, Petitioner's § 2255 Motion (Doc. 67) will be denied. In proceedings brought pursuant to 28 U.S.C. § 2255, an applicant cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." Restated, a COA should not be issued unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not disagree with the resolution of Petitioner's § 2255 Motion, a COA will not issue.

The Court will transfer Petitioner's § 2241 Motion (Doc. 71) to the United States District Court for the Western District of Pennsylvania.

An appropriate order follows.

February 8, 2017  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge